[Doc. No. 7]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| **THE VIOLET POT, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil No. 06-4138(NLH)** |
| | : | |
| **THE LOWE'S COMPANIES, INC.,** | : | |
| **et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

### REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss or in the Alternative to Transfer Venue to North Carolina filed by Defendants, Lowe's Companies, Inc. and Lowe's Home Centers, Inc. (hereinafter collectively "Lowes"). [Doc. No. 7]. The motion is opposed by Plaintiff, The Violet Pot, LLC t/a TVP Pottery (hereinafter "TVP"). The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons to be discussed, this Court recommends that Lowes's Motion to Transfer the case to the Western District of North Carolina, Statesville Division, be granted. In view of this recommendation, this Court does not believe it is necessary or appropriate to address the arguments in Lowes's Motion to Dismiss. The Court makes the following findings in support of its recommendation.

### Background

Lowes and TVP entered into a Master Standard Buying Agreement (hereinafter "Agreement") on January 18, 1999, for Lowes to sell TVP's flower pots. (See Brief of Lowes

("Brief") at 7).  TVP alleges that in late 2005 Lowes terminated the contract.  (See TVP's

Complaint [Doc. No. 1] at ¶ 12).  On July 13, 2006, TVP sent Lowes a letter alleging that Lowes

violated its trademark by selling "knock-offs" of its flower pots on TVP's display racks.  (See

Exhibit A to Brief at 1). TVP requested that Lowes (1) stop using its display racks and

advertising, (2) provide a disclaimer that the flower pots were not manufactured by TVP and (3)

pay damages for use of the display racks and the negative impact on TVP's brand and reputation.

(Id. at 3).  TVP's letter did not ask Lowes to respond by a particular date and did not mention that

it might file litigation.

On August 4, 2006, three weeks after Lowes received TVP's July 12, 2006 letter, Lowes

filed a complaint against TVP in the United States District Court for the Western District of

North Carolina.  The complaint asked for a declaratory judgment that Lowes did not infringe

TVP's trademark and that TVP's trademark registrations should be cancelled.  (See Exhibit B to

Brief at ¶¶ 16 and 29).  On August 11, 2006, Lowes sent TVP a letter contesting the allegations

in TVP's July 13, 2006 letter.  (See  Exhibit C to Brief at 1-2).  Lowes also notified TVP that it

filed its complaint in North Carolina, but had not yet attempted service.  (Id. at 2).  Lowes gave

TVP ten days to respond to the letter.  (Id.).

TVP filed this action against Lowes in New Jersey on August 31, 2006 for trademark

infringement, false designation of origin, false advertising and violation of the New Jersey

Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq.  (See TVP's Complaint at ¶¶ 38, 42, 46, 52, 56

and 60).  The complaint involves the same parties and issues that were addressed in the earlier

filed North Carolina case.  Lowes Home Centers, Inc. was served with TVP's Complaint on

September 12, 2006, and Lowes Companies, Inc. ("LCI") was served on September 15, 2006.

Although TVP was served with the North Carolina complaint on September 28, 2006, it never filed a response.

As was its right, Lowes continued to pursue relief in North Carolina while the present motion was pending in this court. On December 11, 2006, a default was entered against TVP in North Carolina. On January 9, 2007, Lowes filed a Motion for Default Judgment against TVP. Although TVP was on notice of the motion it did not respond and it did not move to vacate the default. On January 29, 2007, the Honorable Graham C. Mullen, U.S.D.J. for the Western District of North Carolina, Statesville Division, granted Lowes's motion and entered a default judgment against TVP. (See Order attached as an Exhibit to Lowes's Letter of January 30, 2007 [Doc. No. 11]). The default judgment addresses the same issues involved in this case and provides, inter alia, that Lowes has not "infringed any purported rights of [TVP] or otherwise violated any state, federal or common law rights of [TVP]." The Order also provides that Lowes is not liable for any claims asserted by TVP. Further, Judge Mullen's Order cancelled the same trademark registrations that TVP alleges were violated in this case. After the default judgment was entered Lowes sought dismissal of TVP's Complaint in this action based on the res judicata or claim preclusion effect of its North Carolina judgment. (See Lowes's Letter of February 22, 2007 [Doc. No. 15]). To date this court has not been notified that TVP moved to vacate the default judgment.

Lowes argues that this case should be transferred to North Carolina pursuant to 28 U.S.C. §1404(a) because of the "first-filed rule" and the convenience of the parties and witnesses, and also because the forum selection clause in the Agreement designates North Carolina as the forum where disputes arising under the Agreement should be decided. (See Brief at 5). Lowes also

3

argues that this court lacks personal jurisdiction over LCI and that LCI should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).  (Id.).  In response, TVP argues the first-filed rule does not apply because of the "procedural hijacking" by Lowes and its "bad faith forum shopping designed to bully a small company to keep quiet ...."  (See Brief of TVP ("TVP Brief") [Doc. No. 8], at 9-10).  TVP also argues that public policy considerations warrant denial of Lowes's Motion to Transfer.  (Id. at 11).  In addition, TVP argues that the Agreement was terminated via email in late 2005 and, therefore, the forum selection clause does not apply.  (Id. at 13-14).  TVP also argues that this court has personal jurisdiction over LCI because LCI signed the Agreement with TVP.  (Id. at 16).

**Discussion**

Lowes seeks to transfer this action pursuant 28 U.S.C. §1404(a).  This statute provides in relevant part, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §1404(a).  In instances such as the present case where two federal lawsuits are pending that address the same parties and issues, the "first-filed" rule comes into play.  The first-filed rule provides that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."  Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941); EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988).  The purpose of the first-filed rule is to encourage sound judicial administration and to promote comity among the courts in the federal system.  EEOC, 850 F.2d at 971.  "It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of

appeals." Id. at 974 (quoting Crosley Corp., 122 F.2d at 930).  "Comity must serve as a guide to courts of equal jurisdiction to exercise forbearance to avert conflicts and to avoid 'interference with the process of each other.'"  Id. (quoting Kline v. Burke Constr. Co., 260 U.S. 226, 229 (1922)).  The Supreme Court has stated that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent."  Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960).

Invocation of the first-filed rule will usually be the norm, not the exception.  Courts must be presented with "exceptional circumstances" before exercising their discretion to depart from the rule."  EEOC, 850 F.2d at 979.  However, while exceptions to the first-filed rule are rare, "courts have consistently recognized that it 'is not a rigid or inflexible rule to be mechanically applied ....'"  Id. at 976 (quoting Pacesetter Systems v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982)). The letter and spirit of the first-filed rule is grounded on equitable principles.  EEOC, 850 F. 2d at 977.  A court may deviate from the first-filed rule if it acts "with regard to what is right and equitable under the circumstances and the law, and [is] directed by the reason and conscience of the judge to a just result."  Id. at 977 (quoting Langnes v. Green, 282 U.S. 531, 541 (1931)).  The party opposing the application of the first-filed rule has the burden of showing that special circumstances should bar its application.  Glaxosmithkline Consumer Healthcare, LP v. Merix Pharmaceutical Corp., Civil No. 05-898 (DRD), 2005 WL 1116318, at *10 (D.N.J. 2005). Bad faith and forum shopping are proper bases for departing from the first-filed rule.  EEOC, 850 F.2d at 976.  Courts have also rejected the first-filed rule when the second-filed action developed further than the initial suit.  Id.  Courts also reject the first-filed rule when the first filing party

instituted suit in one forum in anticipation of suit by the opposing party in another, less favorable

forum.  Id.  The decision to apply the first-filed rule rests within the discretion of the trial court.

Id. at 971.

       This Court believes there are compelling circumstances to apply the "first-filed rule" and,

therefore, recommends that this case be transferred to North Carolina.[1]  The most compelling

reason why this action should be transferred is because the North Carolina action was "first-

filed" and it involves the same parties and claims as this case.  Furthermore, since the North

Carolina action has already proceeded to judgment it is much further advanced than this case,

which is still at the initial motion stage.  In addition, the interest of comity compels that this court

not interfere with the North Carolina judgment.  If TVP intends to pursue its claim against Lowes

in this action it must seek relief from the North Carolina judgment.  The North Carolina court,

not New Jersey, is the most appropriate forum in which to address the argument made by Lowes

that its default judgment precludes TVP's claims in this action.  See American Cyanamid, 903 F.

Supp. at 787 (applying the first-filed rule to avoid duplicate litigation, the waste of resources and

inconsistent verdicts); see also Liggett Group, Inc., 102 F.Supp.2d at 539 (applying the first-filed

rule to transfer the second-filed action in the interest of justice to prevent "needless loss of time,

expense and resources"); Lawrence v. Xerox Corp., 56 F.Supp.2d 442, 455 (D.N.J. 1999)

(applying the first-filed rule to transfer action from District of New Jersey to Western District of

Texas where a related matter had been pending for six months); A.T. & T. Co. v. MCI

---

[1] The transfer is authorized pursuant to 28 U.S.C. §1404(a).  See Liggett Group, Inc.  v.
R.J. Reynolds Tobacco Co., 102 F.Supp. 2d 518, 537 (D.N.J. 2000); One World Botanical Ltd.,
987 F. Supp. 317, 330 (D.N.J. 1997); Job Haines Home for the Aged, 936 F.Supp. 223, 233
(D.N.J. 1996); America Cyanamid Co. v. Eli Lilly and Co., 903 F.Supp. 781, 787 (D.N.J. 1995);
Ricoh Co. Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 487 (D.N.J. 1993).

Communications Corp., 736 F.Supp. 1294, 1308 (D.N.J. 1990) (finding that the second-filed

action in New Jersey must be transferred to the venue of the first-filed action in the District Court

for the District of Columbia).

There are no exceptional circumstances in this case to warrant a deviation from the first-

filed rule.  TVP contends that Lowes filed its action in North Carolina in an effort to "hijack" the

proceedings so the case could be litigated by Lowes in what it perceives to be a more favorable

forum.  However, other than the filing of the North Carolina complaint in close proximity to

TVP's July 13, 2006 letter, TVP has provided no evidence that Lowes acted in bad faith to

preempt TVP's imminent lawsuit.  TVP has not presented any evidence that it was prepared to

file suit when it sent its July 13, 2006 letter to Lowes.  Although TVP threatened further action, it

did not place any time limitations on Lowes to remedy its alleged infringement or clearly indicate

what the ramifications would be if Lowes did not comply.  In fact, the record indicates that TVP

had no intention of imminently filing suit when it sent its July 13, 2006 letter.  TVP made a

strategic choice not to file suit between July 13, 2006, when it sent Lowes its first letter, and

August 11, 2006, when it received notice of Lowes's complaint in North Carolina.  TVP's

counsel explained:

> I advised the [client] ... that I thought it best to try to negotiate with
> Lowes rather than instituting expensive litigation.  We discussed
> the possibility of filing a prophylactic action in New Jersey to
> prevent Lowes from filing in North Carolina, but we decided not to
> do so since preparing a well plead complaint would cost thousands
> of dollars in legal fees.

(See Barron Declaration filed in support of TVP Brief, at ¶5).  TVP was or should have been

aware when it sent Lowes its July 13, 2006 letter that its allegations could result in Lowes filing a

7

declaratory judgment complaint in North Carolina.  That being the case TVP cannot now argue

that it is inequitable to apply the first-filed rule.  Nothing Lowes said or did misled TVP into

believing that it would forego filing a complaint pending further discussions with TVP.  In fact,

Mr. Barron admitted that TVP's failure to file a complaint in New Jersey in follow up to its July

13, 2006 letter was based on cost considerations.  TVP cannot now complain because its strategic

decision did not work out as it hoped.  While Lowes admits to filing its action in response to

TVP's allegations, that alone does not prove bad faith or warrant a departure from the first-filed

rule.  If TVP believed it had no choice but to file suit to obtain relief, it could have done so at any

time in the almost three weeks after it sent its letter to Lowes demanding relief and before Lowes

filed its complaint.  Furthermore, TVP waited three weeks after it was notified of the North

Carolina action to file suit in New Jersey.

Moreover, there is no evidence that Lowes engaged in forum shopping.  TVP cites no

evidence that it cannot obtain a fair trial in North Carolina or that, if applied, North Carolina law

is less favorable than New Jersey precedent.  The mere fact that Lowes filed its action in a forum

more convenient to it than New Jersey is not a sufficient reason to depart from the first-filed rule.

The case law TVP relies upon is plainly distinguishable.  In EEOC, the Court rejected the

application of the first-filed rule to dismiss a second action brought in the Eastern District of

Pennsylvania ("E.D. Pa.").  EEOC, 850 F.2d at 972.  In that case, the EEOC issued a subpoena to

the University of Pennsylvania as part of an ongoing investigation into claims of sexual

discrimination.  Id.  In its notice, the EEOC granted the University a grace period before it would

move for judicial enforcement of its subpoena.  Id. at 973.  However, between the time that the

EEOC issued the subpoena and when it filed its enforcement action in the E.D. Pa., the

8

University filed suit in the District Court for the District of Columbia for declaratory and injunctive relief.  Id.  The University then filed a motion to dismiss the E.D. Pa. action based on the first-filed rule.  Id.  The Third Circuit affirmed the District Court's refusal to apply the first-filed rule and reasoned that the University's lawsuit was a clear attempt to preempt the imminent suit threatened by the EEOC.  Id. at 977.  This case is clearly distinguishable from EEOC because Lowes did not file its complaint to foreclose an imminent suit by TVP.  Id.  Moreover, the Court in EEOC noted that Third Circuit law favored enforcement of the subpoena at issue while precedent in the District of Columbia did not.  Id. at 978.  In this case TVP does not argue that North Carolina case law is any less favorable to it than New Jersey law.

TVP also relies upon Tempco Electric Heater Corporation v. Omega Engineering, Inc., 819 F.2d 746 (7th Cir. 1987).   In that case the court declined to hear Tempco's first filed declaratory judgment complaint where the action was filed in anticipation of Omega's imminent trademark infringement action.  Id. at 749.  The court noted that after Tempco filed its action Omega promptly filed its complaint.  This did not occur here.  Moreover, unlike the Third Circuit, the Seventh Circuit does not have a long history of "first-filed" jurisprudence.  Id. at 750 ("This circuit has never adhered to a rigid 'first to file' rule").  Indeed, the decision in Tempco expressly declined to follow the Third Circuit's decision in Crosley Corp. v. Westinghouse Electric & Manufacturing Co., 130 F.2d 474 (3d Cir. 1942), cert. denied, 317 U.S. 681 (1942). See id.

In summary, this Court recommends that this case be transferred to North Carolina. There are no special circumstances to warrant a departure from the first-filed rule since Lowes did not act in bad faith, it did not engage in forum shopping and Lowes's North Carolina action

has progressed further along than this case.  Further, TVP has not presented evidence that Lowes engaged in forum shopping.

This Court acknowledges that this Report and Recommendation does not address all of the arguments Lowes raised in its Motion to Dismiss or in the Alternative to Transfer.  However, since this Court recommends transferring this action to North Carolina pursuant to the first-filed rule, it is not necessary to address whether transfer is also appropriate for the convenience of the parties, and whether the forum selection clause in the Agreement compels a transfer to North Carolina.  Furthermore, since transfer is recommended the issue of whether jurisdiction exists over LCI in New Jersey is moot.  Lastly, if this case is transferred, the federal court in North Carolina is well-equipped to decide the res judicata or claim preclusion effect of its default judgment on TVP's claims in this case.

**Conclusion**

For all the foregoing reasons, it is this 20th day of March, 2007, respectfully recommended that Defendants' Motion to Dismiss, or in the alternative to Transfer Venue, be GRANTED.  If the District Judge adopts this Report, it is recommended that this matter be transferred to the United States District Court for the Western District of North Carolina, Statesville Division, pursuant to 28 U.S.C. §1404(a).  Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), the parties shall have ten (10) days from the date of service of this Report and Recommendation in which to file any objections.

> _____
> /s/ Joel Schneider
> JOEL SCHNEIDER
> United States Magistrate Judge